# Exhibit 1

# JAMS Comprehensive Arbitration Rules & Procedures

Effective June 1, 2021

Local Solutions. Global Reach.



on the other Parties. Any response to the new claim shall be made within fourteen (14) calendar days after service of such claim. After the Arbitrator is appointed, no new or different claim may be submitted, except with the Arbitrator's approval. A Party may request a hearing on this issue. Each Party has the right to respond to any new or amended claim in accordance with Rule 9(c) or (d).

## RULE 11
## Interpretation of Rules and Jurisdictional Challenges

(a)   Once appointed, the Arbitrator shall resolve disputes about the interpretation and applicability of these Rules and conduct of the Arbitration Hearing. The resolution of the issue by the Arbitrator shall be final.

(b)   Jurisdictional and arbitrability disputes, including disputes over the formation, existence, validity, interpretation or scope of the agreement under which Arbitration is sought, and who are proper Parties to the Arbitration, shall be submitted to and ruled on by the Arbitrator. The Arbitrator has the authority to determine jurisdiction and arbitrability issues as a preliminary matter.

(c)   Disputes concerning the appointment of the Arbitrator shall be resolved by JAMS.

(d)   The Arbitrator may, upon a showing of good cause or *sua sponte*, when necessary to facilitate the Arbitration, extend any deadlines established in these Rules, provided that the time for rendering the Award may be altered only in accordance with Rules 22(i) or 24.

## RULE 12
## Representation

(a)   The Parties, whether natural persons or legal entities such as corporations, LLCs or partnerships, may be represented by counsel or any other person of the Party's choice. Each Party shall give prompt written notice to the Case Manager and the other Parties of the name, address, telephone number and email address of its representative. The representative of a Party may act on the Party's behalf in complying with these Rules.

(b)   Changes in Representation. A Party shall give prompt written notice to the Case Manager and the other Parties of any change in its representation, including the name, address, telephone number and email address of the new representative. Such notice shall state that the written consent of the former representative, if any, and of the new representative, has been obtained and shall state the effective date of the new representation.

(c)   The Arbitrator may withhold approval of any intended change or addition to a Party's legal representative(s) where such change or addition could compromise the ability of the Arbitrator to continue to serve, the composition of the Panel in the case of a tripartite Arbitration or the finality of any Award (on the grounds of possible conflict or other like impediment). In deciding whether to grant or withhold such approval, the Arbitrator shall have regard to the circumstances, including the general principle that a Party may be represented by a legal representative chosen by that Party, the stage that the Arbitration has reached, the potential prejudice resulting from the possible disqualification of the Arbitrator, the efficiency resulting from maintaining the composition of the Panel (as constituted throughout the Arbitration), the views of the other Party or Parties to the Arbitration and any likely wasted costs or loss of time resulting from such change or addition.

## RULE 13
## Withdrawal from Arbitration

(a)   No Party may terminate or withdraw from an Arbitration after the issuance of the Commencement Letter (see Rule 5), except by written agreement of all Parties to the Arbitration.

(b)   A Party that asserts a claim or counterclaim may unilaterally withdraw that claim or counterclaim without prejudice by serving written notice on the other Parties and the Arbitrator. However, the opposing Parties may, within seven (7) calendar days of service of such notice, request that the Arbitrator condition the withdrawal upon such terms as he or she may direct.

## RULE 14
## *Ex Parte* Communications

(a)   No Party may have any *ex parte* communication with a neutral Arbitrator, except as provided in section (b) of this Rule. The Arbitrator(s) may authorize any Party to communicate directly with the Arbitrator(s) by email or other written means as long as copies are simultaneously forwarded to the JAMS Case Manager and the other Parties.